OPINION
Appellant Deon Patrick Glover appeals the decision of the Court of Common Pleas, Stark County, dismissing his petition to vacate judgment or set aside sentence in regard to his 1998 conviction for possession of cocaine. The relevant facts leading to this appeal are as follows. On April 23, 1998, the Court of Common Pleas of Stark County, Ohio, convicted and sentenced appellant for one count of possession of cocaine in violation of R.C. 2925.11, following a jury trial. The jury returned a verdict finding appellant possessed crack-cocaine in an amount exceeding twenty-five grams but less than one hundred grams. On appeal, appellant assigned as error ineffective assistance of counsel for failure to suppress statements made after arrest, as well as insufficiency of the evidence. See State v. Glover (November 16, 1998), Stark App. No. 98-CA-0126, unreported ("Glover I"). We affirmed the trial court's decision on November 16, 1998, holding that because the record was silent on the question of when appellant was Mirandized, we could not say whether the trial court should have properly excluded the evidence. Id. at 4, citing Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694.
On July 12, 1999, appellant filed a pro se postconviction relief petition in the trial court, captioned as "Petition to Vacate Judgment or Set Aside Sentence." He asserted that he was deprived of his rights under the United States and Ohio Constitutions by the purported failure of Canton police officers to advise him of his Miranda rights, and further alleged that the search of a purse on the premises on the day of the arrest was illegal. Additionally, he contended that his sentence violated theEighth Amendment to the United States Constitution and Ohio's statutory sentencing provisions. The trial court, upon review of appellant's petition, denied appellant the relief requested and dismissed the petition as being improperly filed. A judgment entry of dismissal was filed on August 13, 1999. Appellant timely appealed and herein raises the following two Assignments of Error:
 I THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR POST CONVICTION RELIEF WHERE THE PETITION ALLEGED GROUNDS THAT APPELLANT DID NOT RECEIVE HIS PROPER MIRANDA WARNINGS DURING HIS INITIAL ARREST; AN ALLEGATION WHICH DEHORS (SIC) THE RECORD.
 II THE TRIAL COURT VIOLATED R.C. § 2929.12 BY IMPOSING A SENTENCE OF NINE (9) YEARS ON THE APPELLANT; CONTRARY TO THE SENTENCING PROVISIONS ENACTED BY THE GENERAL ASSEMBLY IN SENATE BILLS 2 AND 269.
 I II
We first turn to an analysis of the trial court's finding that appellant did not properly file his postconviction petition. The time requirements for a defendant seeking postconviction relief are outlined in R.C. 2953.21(A)(2), which reads as follows: A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Thus, under R.C. 2953.21, a petition for postconviction relief must be filed within one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal, or within one hundred eighty after the appeal time has lapsed. Clearly, appellant's July 12, 1999 petition for postconviction relief was filed beyond the one hundred eighty day time limit. However, a defendant may be entitled to delayed consideration because of the exception to the "one hundred eighty day rule" afforded by R.C. 2953.23(A), which states as follows: (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence. Our review of the record indicates that appellant made no specific reference to the language of R.C. 2953.23(A) in his pleadings, and in particular we are unable to infer any attempt by appellant to argue in his petition that either of the provisions under R.C. 2953.23(A)(1) would have applied to his case. Absent any attempt by appellant to justify his untimely postconviction pleading pursuant to R.C. 2953.23(A)(1), the saving provisions of R.C. 2953.23(A) are not invoked, and the trial court did not err in dismissing appellant's petition of July 12, 1999 on grounds of untimeliness. See, e.g., State v. Pasqualone (Sept. 30, 1999), Ashtabula App. No. 98-A-0074, unreported, at 4. Appellant's Assignments of Error I and II are overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio is hereby affirmed.
By FARMER, J. HOFFMAN, P.J. and EDWARDS, J. concur.